UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC, a Florida limited
liability company,

      Plaintiff,

v.                                      Case No.  3:14-cv-575-J-34JBT

FIRST INVESTMENT GROUP
CORPORATION, a foreign corporation;
and FIRST ENGINEERING GROUP a/k/a
1st ENGINEERING GROUP, a foreign
corporation,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on APR's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction with Notice to Defendants (Doc. 12; Motion), filed by Plaintiff APR Energy, LLC ("APR Energy"), on June 3, 2014.  In the Motion, APR Energy seeks a "Temporary Restraining Order and/or a Preliminary Injunction barring the Defendants . . . from pursuing any action against APR in Libya or elsewhere" and incorporates the Complaint (Doc. 1) and Plaintiff, APR Energy, LLC's Verified Motion for Expedited Hearing and Preliminary Injunction Barring Defendants from Pursuing Libyan Proceeding in Contravention of Arbitration Agreement (Doc. 3; Motion for Preliminary Injunction), both of which APR Energy filed on May 19, 2014.  Motion at 1.

In the Motion for Preliminary Injunction, APR Energy asserts that "Defendants have instructed their attorneys to file a coercive action in Libya to prevent General Electricity Company of Libya ("GECOL"), an entity with whom APR has a significant contractual

relationship, from making payments to APR." Motion for Preliminary Injunction at 1-2. Accordingly, in the Motion for Preliminary Injunction, APR Energy requests that the Court "enter an Order compelling the Defendants to submit the dispute which Defendants have threatened to litigate in Libya to binding arbitration, as agreed upon in" the parties' Services Agreement (Doc. 1-1; Services Agreement), and "enjoin the Defendants from pursuing the Libyan Proceedings." Id. ¶ 13. On May 22, 2014, the Court entered an order setting a hearing and briefing schedule for consideration of the Motion for Preliminary Injunction. See May 22, 2014 Order (Doc. 7; May 22, 2014 Order). Thereafter, on May 30, 2014, Defendants First Investment Group Corporation ("FIGCORP") and First Engineering Group, a.k.a. 1st Engineering Group ("FEG"), filed Defendants' Unopposed Motion for Enlargement of Time (Doc. 10) seeking an extension of time to respond to the Motion for Preliminary Injunction. The Court granted Defendants' request (Doc. 11). However, on June 2, 2014, Defendants' counsel informed APR Energy that Defendants "made an application to the Tripoli Court for an order that GECOL withhold USD 8 million from their next payment to [APR Energy,]" that Defendants "are now in the process of arranging service of this Order on GECOL[,]" and that "a return date for the inter-parties hearing in Tripoli has been scheduled for 17 June 2014."[1] Motion at 3 (quoting Doc. 12-2; June 2, 2014 Letter).

Defendants' initiation of the Libyan proceeding has prompted APR Energy to seek a TRO from this Court "to preclude the Defendants from taking any action pursuant to the Libyan proceedings, including serving GECOL with the alleged order, and directing

---

[1] This Court scheduled the hearing on the Motion for Preliminary injunction for June 17, 2014. See May 22, 2014 Order.

Defendants to dismiss any such proceedings."  Motion at 4.  Thus, it appears that the relief sought by APR Energy in the Motion is an anti-suit injunction.  "[F]ederal courts have some power to enjoin foreign suits by persons subject to federal court jurisdiction."  Canon Latin Am., Inc. v. Lantech (CR), S.A., 508 F.3d 597, 601 (11th Cir. 2007).  A district court may issue an anti-suit injunction only if two "threshold requirements" are met: "(1) 'the parties are the same in both [the foreign and domestic lawsuits],' and (2) 'resolution of the case before the enjoining court is dispositive of the action to be enjoined.'"[2]  Id. (quoting Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 652 (2d. Cir. 2004)) (alteration in original); see also S.E.C. v. Pension Fund of Am., L.C., 396 F. App'x 577, 580-82 (11th Cir. 2010) (vacating the district court's contempt order "[t]o the extent it rested upon [the] violation of the anti-suit injunction" because "neither of the threshold requirements for the issuance of an anti-suit injunction [had] been met").  Only if this "gatekeeping inquiry" is satisfied should the Court "consider additional factors to determine whether an injunction is appropriate."  Canon Latin Am., Inc., 508 F.3d at 601; see also Paramedics, 369 F.3d at 654 ("Beyond the threshold criteria . . ., other considerations include whether the foreign proceeding threatens a strong public policy or the jurisdiction of the domestic forum."); Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren, 361 F.3d 11, 18 (1st Cir. 2004) ("considerations of international comity must be given substantial weight").

As the moving party, APR Energy bears the burden of clearly establishing the threshold requirements for an anti-suit injunction.  See Barnie's Coffee & Tea Co., Inc. v. Am.

---

[2] "Dispositive" means "to settle or finish the dispute."  Canon Latin Am., Inc., 508 F.3d at 601 n.8.

Mattress Co., No. 6:07-cv-1664-Orl-19UAM, 2008 WL 191019, at *3 (M.D. Fla. Jan. 22, 2008).  However, based upon the current record, the Court is unable to determine whether either prong of the gatekeeping inquiry is satisfied.  First, the Court is unable to determine whether the parties to the Libyan action and the instant action are the same.  In the Motion for Preliminary Injunction, APR Energy asserts that the parties to both the instant action and the Libyan action are APR Energy, FIGCORP, and FED.  See Motion for Preliminary injunction ¶¶ 33, 35.  However, based upon APR Energy's representations in the Motion and Defendants' statements in the June 2, 2014 Letter, it is unclear whether APR Energy is, in fact, a party to the Libyan action.  Indeed, it appears that GECOL, a non-party to the instant action, is possibly a party to the Libyan action.  See June 2, 2014 Letter.  Additionally, APR Energy has failed to establish that resolution of the instant case is dispositive of the Libyan action.  Beyond asserting that Defendants have allegedly obtained an order enjoining GECOL from paying APR Energy USD 8 million, APR Energy has offered no information regarding the claims raised before the Libyan court.  Thus, on the current record, the Court is unable to determine whether resolution of this case would be dispositive of the Libyan action.  See Barnie's Coffee, 2008 WL 191019, at *3 (finding that because "neither party was able to give a clear explanation of the exact claims pending before the Kuwait Court[,]" the plaintiffs had not met their burden of demonstrating that resolution of the case before the district court would be dispositive of the Kuwait case).

Because APR Energy has failed to satisfy the threshold requirements for an anti-suit injunction, the Motion is due to be denied without prejudice.

Accordingly, it is hereby **ORDERED**:

APR's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction with Notice to Defendants (Doc. 12) is **DENIED, without prejudice**.

**DONE AND ORDERED** in Chambers, this 4th day of June, 2014.

**MARCIA MORALES HOWARD**
United States District Judge

lc18

Copies to:

Counsel of Record