UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APR ENERGY, LLC, a Florida limited
liability company,

       Plaintiff,

v.                                          CASE NO. 3:14-cv-575-J-34JBT

FIRST INVESTMENT GROUP
CORPORATION, a foreign corporation;
and FIRST ENGINEERING GROUP a/k/a
1st ENGINEERING GROUP, a foreign
corporation,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs ("Motion") (Doc. 60), Defendants' Response thereto (Doc. 64), Plaintiff's Reply (Doc. 71), and Defendants' Sur-Reply (Doc. 72). The Court bifurcated the issues of entitlement and amount of attorneys' fees, and referred the Motion to the undersigned for a report and recommendation regarding an appropriate resolution of the issue of entitlement to attorneys' fees only. (Doc. 70 at 2.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

I.      **Summary of Recommendation**

Although Plaintiff did not bring any claims under a Florida garnishment statute in this action, it asserts that Defendants "opened the door entitling [Plaintiff] to fees" (Doc. 71 at 6) under Chapter 77, Florida Statutes, and in particular section 77.22. Defendants did so, says Plaintiff, by arguing in this action, as post hoc justification for initiating the Libyan Proceeding,[2] that that proceeding complied with Florida's prejudgment garnishment statute, i.e., section 77.031. (*See id.* at 3–6.) Plaintiff argues, therefore, that it is "entitled to attorneys' fees under the Florida Garnishment Statute . . . based upon this Court's ruling that the Libyan action was an ineffective and wrongful garnishment." (*Id.* at 4.)

The undersigned recommends that the Motion be denied, insofar as it requests attorneys' fees, for three reasons. First, the Libyan Proceeding was simply not a prejudgment garnishment proceeding under Chapter 77, Florida Statutes. Rather, Defendants sought and obtained relief pursuant to Libyan law and/or procedure in a Libyan court. (*See* Docs. 15-3 & 15-4.) Therefore, section 77.22 is inapplicable in this action.

Next, even if Defendants had attempted to proceed under Chapter 77 in the Libyan Proceeding, that proceeding was still simply not brought in Florida, nor was it ancillary to a proceeding pending in Florida, or anywhere else, as Florida law

---

[2] Capitalized terms that are not otherwise defined herein have the same meaning as in the Court's February 20, 2015 Order ("Final Order") (Doc. 57).

requires.  Rather, the Libyan Proceeding was a separate proceeding not contemplated by Chapter 77.

Finally, even if section 77.22 somehow applied herein, judgment was not entered "for defendant in the main action" within the meaning of that section, as required for an award of attorneys' fees, in part because this Court did not resolve the merits of the underlying dispute between the parties.  It merely compelled arbitration of "all disputes arising under the Services Agreement."  (Doc. 57 at 42.)  It also directed Defendants to "take all steps necessary to withdraw and cause to be dissolved the precautionary hold entered by the Libyan court . . . , as well as the action on which it is premised."  (*Id.* at 42–43.)  Thus, Plaintiff has yet to prevail on the underlying merits of the dispute.

In its Reply, Plaintiff requests that "any denial [of entitlement to attorneys' fees] should be without prejudice to enable [Plaintiff] to assert its fee claim in any appropriate forum, including a separate legal action for wrongful garnishment and/or in the pending arbitration." (Doc. 71 at 7.)  Although Plaintiff has made some vague references to "Florida law" or "Chapter 77, Florida Statutes," in the Motion and/or Reply, it has not squarely presented to this Court any basis for an award of attorneys' fees other than section 77.22, Florida Statutes.  (*See* Docs. 60 & 71.)  Thus, the undersigned recommends that the Motion be denied without prejudice to Plaintiff seeking attorneys' fees, if appropriate, on other grounds before other courts or tribunals.  The undersigned recommends that the Court need not address the

viability of any such claims.

**II.     Background**

The Court previously detailed the complex background and procedural history of this action in its Final Order, which the undersigned hereby incorporates by reference. (Doc. 57 at 2–10.) Additionally, the undersigned highlights the following facts which are relevant to the discussion herein.

At bottom, the instant action arises out of an alleged breach of a Services Agreement (Doc. 1-1) between the parties which contains an arbitration provision requiring the parties, with certain exceptions, to arbitrate "any dispute which arises under this Agreement." (Doc. 1 at 4, 8; Doc. 1-1 at 6.) Upon learning that Defendants might seek preliminary injunctive relief from a Libyan court, Plaintiff filed the instant action seeking to compel arbitration of the parties' disputes and to enjoin Defendants from seeking such relief.[3] (Doc. 1 at 7–12.) Plaintiff's claims were not based on, and did not involve, Florida's garnishment statutes.[4] Prior to entry of the Court's Final Order, Defendants sought and obtained preliminary relief from a Libyan

---

[3] Specifically, Plaintiff sought an "order compelling arbitration and attendant relief pursuant to 9 U.S.C. § 206" ("Count I"), an "order compelling arbitration and attendant relief pursuant to Florida Statutes § 682.03" ("Count II"), and "issuance of anti-suit injunction against the defendants" ("Count III"). (Doc. 1 at 9–12.) Judgment was entered in favor of Plaintiff and against Defendants as to Counts I and III, and Count II was dismissed without prejudice as moot. (Doc. 58 at 1.)

[4] The parties disagree regarding whether Defendants pled and/or raised the Florida garnishment statutes as an "affirmative defense" in this action. (*See* Doc. 60 at 2, Doc. 64 at 3.) However, this issue is not relevant to the analysis herein.

court in the form of an order placing a "precautionary hold on APR's dues with GECOL, as fulfilment of the debts of the plaintiff company representing 8% of the one hundred million US dollars paid to APR." (Doc. 15-4 at 2.)

The Services Agreement, which is governed by Florida law (Doc. 1-1 at 11), contains an exception to the arbitration requirement that allows a party to seek preliminary injunctive relief from a court "if necessary to obtain legal measures intended to protect their rights prior to or during the arbitration" so long as "such judicial relief . . . is limited to that which is required to prevent imminent damage to a party" and "does not resolve the merits or substance of such Dispute" ("Exception Clause") (Doc. 1-1 at 7). In its Verified Motion for Preliminary Injunction (Doc. 3) and its subsequent Reply (Doc. 16), Plaintiff argued that the Libyan Proceeding did not fall under this exception. (Doc. 3 at 7, Doc. 16.) Defendants argued in their Response (Doc. 15) that the exception applied and the relief obtained in the Libyan Proceeding should stand. (*Id.* at 4–6.)

Specifically, in the Verified Motion for Preliminary Injunction, Plaintiff argued that Florida law governed the Services Agreement, and that Florida law does not provide for the type of preliminary injunctive relief sought in the Libyan Proceeding, i.e., "issuance of a preliminary injunction to withhold third-party payments, especially where the underlying dispute is about the payment of money." (Doc. 3 at 6–7.) Plaintiff argued, therefore, that the Libyan Proceeding could not fall under the Exception Clause. (*Id.*) In their Response, Defendants argued that the Libyan

5

Proceeding did fall under the Exception Clause because Florida law does provide such a prejudgment remedy, citing, as an example, Florida's prejudgment garnishment statute and fraudulent transfer statutes. (Doc. 15 at 6.)

### III. Analysis

Plaintiff argues that the Libyan Proceeding essentially constituted a prejudgment garnishment proceeding under section 77.031, Florida Statutes, which, according to Plaintiff, this Court found to be improper. (Docs. 60 & 71.) Plaintiff contends, therefore, that entry of judgment in its favor in this action, as well as the Court's Final Order requiring Defendants to "cause to be dissolved the precautionary hold entered by the Libyan court" (Doc. 57 at 42–43), entitles it to attorneys' fees pursuant to section 77.22, Florida Statutes. (*See* Docs. 60 & 71.)

Defendants argue that the Libyan Proceeding did not constitute a Florida garnishment proceeding because it was not brought pursuant to Florida's garnishment statutes. (Doc. 64 at 5.) Defendants contend that their argument that they had complied with the requirements for a prejudgment writ of garnishment under Florida law in the Libyan Proceeding was only "made as an additional justification for preserving the Libyan Proceeding and its rulings, and denying [Plaintiff's] request for an anti-suit injunction." (*Id.*) Additionally, Defendants argue that even if the Libyan Proceeding was a prejudgment garnishment proceeding under Florida law, Plaintiff is not entitled to attorneys' fees in this action at this time because Plaintiff has not prevailed on the merits of the underlying dispute between

6

the parties as required by section 77.22, Florida Statutes.  (*Id.* at 6, Doc. 72 at 5.)

As previously stated, the undersigned recommends that the Motion be denied, insofar as it requests fees, for three reasons.  First, however either party now tries to recharacterize it, the Libyan Proceeding was simply not a prejudgment garnishment proceeding under Chapter 77, Florida Statutes.  Next, even if Defendants had attempted to comply with Chapter 77 in the Libyan Proceeding, that proceeding was still not brought in Florida, nor was it ancillary to a Florida or any other proceeding, as required by Florida law.  Finally, even if section 77.22 somehow applied herein, judgment was not entered "for defendant in the main action" within the meaning of that provision, as required for an award of attorneys' fees.  The undersigned will address each reason in turn.[5]

### A.   The Libyan Proceeding was not a prejudgment garnishment proceeding under Chapter 77, Florida Statutes.

Section 77.031, Florida Statutes, provides in relevant part:

> Issuance of writ before judgment.—Before judgment has been obtained by the plaintiff against the defendant:

---

[5] Because the undersigned recommends that the Motion be denied regarding fees on the aforementioned grounds, the undersigned need not address Defendants' argument that Plaintiff is not entitled to attorneys' fees because it failed to plead entitlement thereto. (*See* Doc. 64 at 4–5, Doc. 72 at 2–5.)  The undersigned notes, however, that the parties apparently assumed that Florida law applies to this issue.  Thus, they failed to address whether it is instead controlled by federal procedural law.  *See, e.g.*, *Inland Dredging Co., L.L.C. v. Panama City Port Auth.*, 406 F. Supp. 2d 1277, 1280 (N.D. Fla. 2005) ("The controlling law in this circuit is that, under [Federal Rule of Civil Procedure] 54(c), a party may recover attorney's fees without including in its pleadings a specific demand therefor.") (citing *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268 (11th Cir. 2000)).  The undersigned recommends that the Court need not address these issues.

>(1) A writ of garnishment shall be issued by the court or by the clerk on order of the court.
>
>(2) To obtain issuance of the writ, the **plaintiff**, or the plaintiff's agent or attorney, shall file ***in the court where the action is pending*** a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property ***in this state and in the county in which the action is pending*** on which a levy can be made sufficient to satisfy the plaintiff's claim. The writ of garnishment shall set forth a notice to the defendant of the right to an immediate hearing for dissolution of such writ pursuant to s. 77.07. Upon issuance of the writ of garnishment, the clerk of the court shall provide by mail a copy of the writ to the defendant.
>
>(3) Except when the plaintiff has had an attachment writ issued, no writ of garnishment before judgment shall issue until the plaintiff, or the plaintiff's agent or attorney, gives a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment. . . .

Fla. Stat. § 77.031 (emphasis added).

The Libyan Proceeding was not governed by this statute, or any other Florida law or procedure. (*See* Docs. 15-3 & 15-4.) In the Libyan Proceeding, Defendants sought an order "placing a precautionary hold on the belongings of APR Energy in the Possession of the General Electric Company for the amount representing 8% of

8

all the values of contracts . . . until settlement of disputes . . . either by amicable means or by arbitration."  (Doc. 15-3 at 10 ("Application").)  The Application specifically states that "the Libyan Law of Procedures in Articles 457, 459, 461, 463 permitted the procedures of placing a precautionary hold on the amounts . . . ." (*Id.* at 9.)  Additionally, the order obtained, which grants a "precautionary hold," specifically cites "articles 457, 459, 461, 463, 516 from civil commercial procedure law."  (Doc. 15-4 at 2.)  Therefore, the Application clearly sought and the order obtained clearly provided a remedy available under Libyan law and/or procedure, and there is no mention of Florida law, procedure, or prejudgment garnishment in the Application or the order.  (*See* Docs. 15-3 & 15-4.)

Additionally, as the Court noted in the Final Order, "Defendants failed to satisfy the statutory requirements to obtain a pre-judgment writ of garnishment under Florida Statute section 77.031."  (Doc. 57 at 19 n.21.)  For example, the Court noted that:

> FEG's Libyan Proceeding fails to satisfy the safeguards required by section 77.031: 1) FEG filed the action in Libya, not in the Middle District of Florida "where the action is pending"; 2) nothing was submitted to the Libyan court under oath; 3) FEG made no assertion that the Libyan Proceeding was not sought to injure APR or GECOL; 4) FEG failed to submit a sworn statement setting forth its belief that APR would not have property with which to satisfy an arbitration award or judgment; and 5) the Libyan court did not require FEG to post a bond.

(*Id.*)  In short, Defendants failed so miserably in complying with section 77.031 that it is apparent they were not trying to do so.

For these reasons, the undersigned recommends that the Libyan Proceeding was not a prejudgment garnishment proceeding under Chapter 77, Florida Statutes. Therefore, section 77.22 does not apply.

### B. The Libyan Proceeding was not brought in Florida, nor was it ancillary to any other proceeding as required by Florida law.

Even if Defendants had relied on Florida prejudgment garnishment law in the Libyan Proceeding, and the Libyan court had accepted that basis, it is unclear how the Libyan court could have applied Florida's prejudgment garnishment statute. For example, the statute requires, among other things, that "defendant will not have in his or her possession, after execution is issued, tangible or intangible property *in this state and in the county in which the action is pending* on which a levy can be made sufficient to satisfy the plaintiff's claim." Fla. Stat. § 77.031(2) (emphasis added). The plain language of the statute contemplates a proceeding brought in a court in the State of Florida, by the plaintiff in that case, and Plaintiff cites no case where a court in another state, much less another country, relied on section 77.031 to issue a prejudgment writ of garnishment, particularly to a party who was a defendant in the Florida proceeding.

Moreover, the Libyan Proceeding was fundamentally different from the ancillary remedy of a prejudgment writ of garnishment under Florida law. The Libyan Proceeding was an independent proceeding. A prejudgment writ of garnishment in Florida is ancillary to the main proceeding. As explained by one court, in holding

that a defendant could not remove to federal court from state court "solely the pleadings with respect to [a prejudgment writ of garnishment]":

> A prejudgment writ of garnishment under Florida law is, by definition, not independent of the main proceeding. It can only be commenced by a filing . . . in the same court where the action is pending, and final judgment against the garnishee cannot be entered before the entry of final judgment against the original defendant. As such, prejudgment writs under Florida law are ancillary to the main proceeding. *Garel and Jacobs, P.A. v. Wick*, 683 So.2d 184, 186 (Fla. 3rd DCA 1996) (" Section 77.031(2), Florida Statutes (1995) explicitly provides that a motion to procure such writ "shall [be] file[d] in the court where the action is pending ...". This is because the writ, being ancillary to the main action, should only be sought where the primary obligation is sought to be enforced."); *ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1357 (5th Cir.1978) (determining that a prior version of Florida's prejudgment garnishment statute was "ancillary.").

*Hamptons at Metrowest Condo. Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, Case No. 6:13-cv-830-Orl-22DAB, 2013 WL 3974675, at *4 (M.D. Fla. July 31, 2013) (adopting Report & Recommendation) (footnote and some citations omitted).

The Application in the Libyan Proceeding, which was brought by Defendants, not Plaintiff, did not seek resolution of the underlying breach of contract claim on the merits, which was and is subject to arbitration. Rather, the Application stated that the underlying dispute will either be resolved "by amicable means or by arbitration." (Doc. 15-3 at 10.) Therefore, the "precautionary hold" obtained in the Libyan Proceeding was not even a rough equivalent of a prejudgment writ of garnishment under Florida law because the two proceedings are fundamentally different. The

Libyan Proceeding was an independent proceeding brought by Defendants herein. A Florida prejudgment writ of garnishment is an ancillary remedy obtained by the plaintiff in the main proceeding. Therefore, the undersigned recommends that the Libyan Proceeding could not be considered a proceeding under Chapter 77, Florida Statutes, even if Defendants had tried to make it so.

### C. Even if section 77.22 somehow applied herein, Plaintiff has not prevailed in the "main action" within the meaning of that section, as required for an award of attorneys' fees.

Section 77.22, Florida Statutes, provides in relevant part:

Before judgment; effect of judgment for defendant.—

(1) If the judgment *is for defendant in the main action*, plaintiff shall pay all costs which have accrued in consequence of suing out a writ of garnishment before judgment and the money or property brought into the registry of the court or custody of the officer thereby inures to the benefit of and shall be controlled by defendant as completely as though it had been rendered in defendant's favor. . . .

Fla. Stat. § 77.22 (emphasis added).

Plaintiff argues that, "[f]or purposes of determining whether the Libyan Proceeding constitutes a wrongful garnishment, this action is the main action." (Doc. 60 at 3 n.5.) Essentially, Plaintiff argues that attorneys' fees are warranted because this Court found that the claim in the Libyan Proceeding is subject to arbitration. Nether party cites any authority defining "main action" for purposes of section 77.22, and Defendants assert that no such authority exists. (Doc. 64 at 6, Doc. 71 at 6–7.)

By referring to judgment "in the main action," section 77.22 appears to contemplate resolution of the merits of the dispute, which can occur in this case only in arbitration. Moreover, section 77.22 appears to contemplate such a resolution "for defendant," not plaintiff. That section further contemplates that the same party, i.e., the plaintiff, brings both the main action, and the ancillary request for a prejudgment writ of garnishment. Here, Plaintiff brought this action, but Defendants brought the Libyan Proceeding. In addition, in the Libyan Proceeding, Defendants asked for relief that was diametrically opposed to the relief Plaintiff sought here. In short, the situation herein is so far removed from that contemplated by section 77.22 that the undersigned recommends that judgment "for defendant in the main action" has not been entered, within the meaning of that provision. Accordingly, the undersigned recommends that Plaintiff is not entitled to attorneys' fees under section 77.22.

## IV. Conclusion

For the reasons set forth herein, it is respectfully **RECOMMENDED** that, to the extent it requests an award of attorneys' fees, the Motion (**Doc. 60**) be **DENIED without prejudice** to Plaintiff seeking attorneys' fees before other courts or tribunals, if appropriate, on grounds other than section 77.22, Florida Statutes.

**DONE AND ENTERED** at Jacksonville, Florida, on July 2, 2015.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record